United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-10782

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STUART R. COLE,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
3:03-CR-431-ALL

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

After reviewing the record in this case and considering the briefs of the parties and argument of counsel, we are satisfied that the evidence was sufficient to support the guilty verdict rendered by the jury.

Cole argues that the evidence was insufficient to support the fraud element of the various counts on which he was convicted. In

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewing a sufficiency challenge, our task is to determine from the record whether a reasonable jury could find that the evidence establishes the defendant's guilt beyond a reasonable doubt. U.S. v. Mesnesses, 962 F.2d 420, 426 (5th Cir. 1992)(citing United States v. Gonzales, 866 F.2d 781, 783 (5th Cir.), cert. denied, 490 U.S. 1093, 109 S.Ct. 2438 (1989)). Considering the evidence in the light most favorable to the verdict, the record amply supports the jury's implicit finding that Cole made fraudulent misrepresentations in a number of respects. These include the following:

1. Attaching a map to the private placement memorandum distributed to potential investors showing the positions of existing "producing" wells when, in fact, none of the wells were producing either gas or oil.

2. After representing to investors in joint ventures B and C that he would invest their funds to drill gas wells, he used the money to pay off disgruntled investors who had invested in earlier prospects.

3. After representing that funds from investors would be used for the purpose of drilling gas wells, he used portions of those funds to purchase personal luxury items for himself.

4. He persuaded one investor to invest an additional $300,000 to "complete" wells that had never been drilled.

Although Cole testified that any misrepresentations he made to investors were made in the good-faith belief that they were true,

2

the jury obviously rejected that testimony, which it was entitled to do.

The judgment of conviction is therefore

AFFIRMED.